IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALAN DOERING                                                                                    PLAINTIFF
ADC #106115

v.                          Case No.: 5:13-cv-00148 KGB/HDY

CORIZON MEDICAL
SERVICES INC. *et al.*                                                                       DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Partial Recommended Disposition submitted by United States Magistrate Judge H. David Young and the objections filed. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Partial Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

There are no objections to the Proposed Recommendation to grant defendant's motion based on the Eleventh Amendment claim. Accordingly, plaintiff's claims against defendants for monetary damages in their official capacity are dismissed. However, defendants Gaylon Lay and Wendy Kelley object to the Proposed Recommendation to deny their motion to dismiss in all other respects (Dkt. No. 19). First, they argue that only health care providers can be liable for treatment provided and not lay officials. Second, they argue that an inmate's disagreement with a health provider's treatment decisions does not form a basis for § 1983 liability where health care treatment was, in fact, provided. The Court disagrees with both arguments and addresses them in turn.

Prison supervisors can be liable for their "personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference or tacit

authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010) (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Id.* (quoting *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976))). A claim of medical indifference must be brought, if at all, against the individuals directly responsible for the prisoner's medical care. *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that superintendent of correctional facility was not directly responsible because he was not involved in the treatment decisions and never received a complaint or grievance from the prisoner); *Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992) (holding that defendants could not be found directly responsible merely because of their supervisory roles). As shown by plaintiff's complaint, defendants oversaw plaintiff's grievance process and were in a position to ensure that he receive medical care; under these facts, defendants could be found directly responsible. Thus, if defendants knew that plaintiff's serious medical needs were not being adequately treated yet remained indifferent, they may be held personally liable. *See Langford*, 614 F.3d at 460-61.

A total deprivation of medical care is not necessary for finding a constitutional violation: "Grossly incompetent or inadequate care can [also] constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment." *Id.* at 460 (alterations in original) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)). "To state a claim based on inadequate medical treatment . . . [t]he plaintiff must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Id.* (alterations in original) (quoting *Alberson v. Norris*, 458 F.3d 762, 765 (8th Cir. 2006) (quoting *Estate of Rosenberg v .Crandell*, 56 F.3d 35,

37 (8th Cir. 1995)) (internal quotations omitted). Plaintiff claims that after seeing him for three minutes, Dr. Shawn Richard took him off medication that had been medically prescribed to him "for years." Plaintiff states that he has a "long history of mental health and medication," which he needs to treat his "severe anxiety and depression and anger mood swings." Plaintiff further claims that Dr. Richard told him "the [Arkansas Department of Correction] does not pay for the medicine." Defendants Mr. Lay and Ms. Kelley approved this decision, knowing all of these facts, through the grievance process. Plaintiff alleges that defendants Mr. Lay and Ms. Kelley were in a position to ensure that he received appropriate care and medication but refused to do so. When given the liberal construction to which it is entitled, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court finds that plaintiff's complaint states a claim of relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

IT IS THEREFORE ORDERED THAT the motion to dismiss filed by defendants Mr. Lay and Ms. Kelley (Dkt. No. 7) is granted to the extent that Plaintiff's claims against them for monetary damages in their official capacity is dismissed and denied in all other respects.

IT IS SO ORDERED THIS the 12th day of November, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE