**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALAN DOERING                                                                                               PLAINTIFF
ADC #106115

V.                                            NO: 5:13CV00148 KGB/HDY

CORIZON INC. *et al.*                                                                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff Alan Doering, an Arkansas Department of Correction ("ADC") inmate, filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on May 16, 2013, alleging that he is not receiving adequate mental health care. On July 9, 2014, Defendants Wendy Kelley and Gaylon Lay filed a motion for summary judgment, a statement of facts, and a brief in support (docket entries #48-#50). Defendants Corizon Inc., and Shawn Richard filed a motion for summary judgment, a brief in support, and a statement of facts, on July 10, 2014 (docket entries #51-#53). Plaintiff filed a response on July 29, 2014 (docket entry #54). Defendants have filed replies to Plaintiff's response (docket entries #55 & #56).

### **I. Standard of review**

Summary judgment is only appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

## II. Analysis

According to Plaintiff's complaint, he saw Richard on February 22, 2013, and told Richard that his mental health medications were not working. Plaintiff alleges that Richard then discontinued the medications, and did not prescribe others.

<u>Kelley and Lay</u>

Kelley and Lay assert, among other things, that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against them. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

The undisputed facts demonstrate that Plaintiff failed to name either Kelley or Lay in the grievance he exhausted regarding his mental health medications. Nothing in the grievance Plaintiff exhausted regarding his mental health medications gives any indication that his is challenging any conduct of Kelley or Lay (docket entry #48-3). Plaintiff has offered nothing in his response to demonstrate he named either Kelly or Lay in a properly exhausted grievance. ADC grievance police requires grievances to be specific as to, among other things, the personnel involved (docket entry #48-1, page #5). The question of whether proper exhaustion has been achieved turns on the specifics of the prison policy. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Because Plaintiff failed to properly exhaust his available remedies with respect to his claims against Kelley and Lay, they are entitled to summary judgment.

<u>Corizon and Richard</u>

Corizon and Richard assert that Plaintiff failed to exhaust his administrative remedies as to Corizon, and that Richard was not deliberately indifferent to his medical needs. As with Kelley and Lay, Plaintiff's exhausted grievance does not name Corizon, or set forth any facts that would suggest he is dissatisfied with a Corizon policy.[1] Accordingly, Plaintiff's claims against Corizon should be dismissed due to his failure to exhaust his administrative remedies with respect to his claim against Corizon.

Richard concedes that Plaintiff exhausted his administrative remedies with respect to him (docket entry #53, page #3). Thus, the Court must determine whether Richard's medical care was inadequate.

---

[1] Even if Plaintiff had exhausted a grievance against Corizon, as set forth below, he cannot establish any deliberate indifference to a serious medical need.

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). However, "'Grossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment.'" *Warren v. Fanning*, 950 F.2d 1370, 1373 (8th Cir. 1991) (quoting *Smith v. Jenkins*, 919 F.2d 90, 93 (8th Cir. 1990)).

Richard is a medical doctor who specializes in psychiatry. Psychiatrist Natalie Jill Brush-Strode evaluated Plaintiff as a new ADC commitment on October 26, 2012 (docket entry #53-1, pages #7 & #8). Although she did not diagnose any psychiatric disorders, she continued Plaintiff on the Paxil he had been prescribed approximately three weeks earlier at a county detention facility. When Plaintiff saw Richard in February of 2013, Plaintiff sought Xanax and Seroquel. However, Richard found no indication to consider treatment at that time, and, because Plaintiff reported being noncompliant with the Paxil since it was not doing anything for him, Richard discontinued the Paxil. Although Plaintiff asserts in his complaint that he was on psychiatric medications for years before his incarceration, he was unable to name the prescribing physician, the location of the clinic, or the dosage of the medications, when he saw Brush-Strode. Plaintiff has not provided that information in his response to Richard's motion, and he has not provided any other medical evidence to suggest that Richard's care was inappropriate. At most Plaintiff has established that he disagrees with the

care Richard provided. As set forth above, a mere disagreement with medical care is not actionable, and Richard is entitled to summary judgment.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motions for summary judgement (docket entries #48 & #51) be GRANTED, and Plaintiff's complaint be DISMISSED.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to his claims against Defendants Corizon Inc., Gaylon Lay, and Wendy Kelley.

3. Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to his claims against Defendant Shawn Richard.

4. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __13__ day of August, 2014.

_____
UNITED STATES MAGISTRATE JUDGE